In the Matter of HARRY M. LEFFERTS, Petitioner, against LEWIS A. WILSON, as Commissioner of Education of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, May 3, 1952.

*Chambers & Chambers* for petitioner.

*Charles A. Brind, Jr.,* for respondent.

SCHIRICK, J. This is an application pursuant to article 78 of the Civil Practice Act, to review an order of the respondent denying a petition for restoration of medical license and directing such restoration.

In February, 1947, the petitioner pleaded guilty to an indictment rendered in Kings County Court, charging him with the crime of abortion, a felony. The court and District Attorney indicated that such plea might be withdrawn and the petitioner permitted to plead to a misdemeanor charge if he voluntarily surrendered his license to practice medicine. This he did. On March 5, 1947, such surrender was accepted and the petitioner's name was stricken from the rolls. The District Attorney was so advised by the Department of Education, and accordingly on April 18, 1947, recommended to the court that the previous plea be withdrawn and a plea accepted to the violation of section 1142 of the Penal Law, a misdemeanor. Such recommendation was accepted, judgment pronounced on the new plea and sentence thereon suspended.

The petitioner now contends that his resignation from the profession of medicine and his voluntary surrender of his medical license were without sanction of law and that the respondent had no authority to accept the same. He has applied for reinstatement. Hearings were held upon such application at which the petitioner admitted that he had engaged in abortion

work for several years. He could not estimate the number of abortions he had performed. Although the committee on grievances recognized that the petitioner was at that time under severe emotional strain because of his wife's incurable illness and his own disease of the eyes, it deemed that it could not safely recommend his restoration to practice.

The court is unable to accept the petitioner's contention. At the time when he surrendered his license, he had pleaded guilty to a felony. By statute, a felony conviction automatically forfeits the license. Such conviction would have followed as a matter of course, but for his voluntary performance of that which would have otherwise been done by the respondent. Having reaped the benefits from such performance, the petitioner may not now be heard to say that his action was without legal effect. To permit it would countenance a fraud upon the sentencing court.

While the question here presented is a novel one and without controlling precedent, the facts are not such as to induce a court of equity to exercise its powers in favor of the petitioner.

The petition is dismissed.